Citation Nr: 1725229 
Decision Date: 06/30/17 Archive Date: 07/10/17

DOCKET NO. 08-25 173 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for skin disability claimed as psoriasis, to include psoriatic arthritis.

2. Entitlement to service connection for a right foot disability, to include residuals of a fracture of the right great toe.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Andrew Mack, Counsel



INTRODUCTION

The Veteran served on active duty from September 1976 to September 1998. 

This appeal is before the Board of Veterans' Appeals (Board) from a September 2006 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). In March 2010, the Veteran testified at a Board hearing before a Veterans Law Judge (VLJ). A transcript is included in the claims file. The Board remanded the matters on appeal in March 2010 and March 2016.

The appeal is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In a May 2017 letter, the Board informed the Veteran that the VLJ who conducted his March 2010 hearing was no longer employed by the Board and that the Veteran had the right to another Board hearing. In June 2017, the Veteran responded that he wanted another in-person Board hearing at his local RO. The Veteran should therefore be afforded the requested hearing. See 38 U.S.C.A § 7107(c); 38 C.F.R. §§ 19.3(b), 20.700, 20.707.

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for an in-person Board hearing before a Veterans Law Judge at his local VA Regional Office.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).